[Civil No. 2352.    Filed July 14, 1925.]

[238 Pac. 335.]

STARGO MINES COMPANY, a Corporation, Appellant, v. G. L. COFFEE, as Administrator of the Estate of ISABEL CARABAJAL, Deceased, Appellee.

CONSTITUTIONAL LAW—DEATH—PROVISION OF EMPLOYERS' LIABILITY ACT ALLOWING RECOVERY FOR BENEFIT OF DECEASED EMPLOYEE'S ESTATE IS CONSTITUTIONAL.—Provision of Employers' Liability Act (Civ. Code 1913, par. 3158), authorizing personal representative

---

On constitutionality of Workmen's Compensation Act giving choice of remedies exclusively to either employer or employee, see note in 6 A. L. R. 1562.

Survival of right to compensation upon death of person entitled to award, see note in 29 A. L. R. 1426.

to bring action for benefit of deceased employee's estate, does not, by extending the benefits of the act to the deceased's estate, violate the equal protection or due process clauses of the federal Constitution, nor does it violate' state Constitution, article 2, section 4.

See 12 **C. J.**, p. 1184; 17 **C. J.**, p. 1192.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

Mr. Leon S. Jacobs, for Appellant.

Mr. Thomas P. Walton, for Appellee.

ROSS, J.—This is an action under the Employers' Liability Law for damages for the death of one Isabel Carabajal. The deceased was working in the mine of the defendant as a mucker when on July 9, 1923, a cave-in occurred in the mine, injuring him so that he died on the twelfth day of July. Plaintiff sues as the personal representative, and seeks to recover damages for the benefit of the estate of the deceased.

The defendant interposed several defenses, but its main reliance to defeat the action is the unconstitutionality of that provision of paragraph 3158, Civil Code 1913, which authorizes the personal representative to bring the action for the benefit of the estate of the deceased, claiming that the Employers' Liability Law should be limited in its objects to the surviving widow and children, or, if none, to the employee's parents, and, if none, to the next of kin dependent upon such employee. It is contended that the extension of the benefits of the Employers' Liability Law to the estate of a deceased person is in contravention and in violation of the Constitution of the United States, particularly the Fourteenth Amendment thereof, and section 4 of article 2 of the state Consti-

tution, in that it deprives the defendant of its property without due process of law, and denies to it the equal protection of the law.

Upon a trial before a jury the plaintiff recovered a verdict and judgment for $2,000. The defendant filed its motion for a new trial, which was denied, and it now appeals from the order denying such motion and from the judgment. The constitutional question is the one that the defendant presses as its principal ground for a reversal of the judgment.

The Employers' Liability Law in its general features has been many times passed upon by this court and the Supreme Court of the United States, and held to be constitutional. *Arizona Copper Co.* v. *Hammer,* 250 U. S. 400, 63 L. Ed. 1058, 39 Sup. Ct. Rep. 553, 6 A. L. R. 1537 (see, also, Rose's U. S. Notes Supp.). The objections heretofore raised were that the law violated the due process and the equal protection clauses of said Constitution in compelling employers in hazardous occupations to pay damages for personal injuries suffered or caused without any fault upon the part of the employer.

The principle of damages for personal injury or death without fault is justified on the theory that they are incidents of the industry, as much so as repairs and replacements of tools and machinery, and can as well be charged to maintenance and overhead and passed on to the general public. In such case the employer advances to the injured employee, or, in case of his death, to his beneficiary, whatever the court determines he is entitled to, and thereafter collects it back from the consuming public in the price of his products. It is a burden not so much on the industry or the employer as upon the general public. This at least is theoretically true, however it may work practically.

28 Ariz.—34

Whatever may have been the thought at one time, the principle of allowing damages without fault is now thoroughly imbedded in the laws of this country. It should follow as a corollary to this principle that those who are to receive benefits from the law should fall within the purview of its purpose and objects. Clearly the injured employee, his wife and children, his parents, and dependent next of kin, and his estate were thought by the legislature to be within the purview of the law; those likely to suffer most being placed first and those least last. But it is said the reason for protecting the enumerated relatives does not apply to the estate of the deceased; that, whereas the wife and children, the parents and dependent kin, if bereft of the support of their deceased kinsman and protector, might suffer serious deprivation, and be reduced to poverty and become objects of charity, such could never happen to his estate. The reason for extending the benefits of the law to the estate of the deceased may not be as cogent and satisfying as those for extending them to the relatives but can it be said that the estate is wholly foreign to the objects of the law? A consideration moving the legislature to include the estate as a beneficiary may have been to protect the creditors of the deceased or those having an inheritable interest in his estate but not named in the statute as beneficiaries, for whom suit might be brought. The legislature having named the estate of the deceased as a beneficiary in default of all having a prior right, and the estate not appearing to be wholly without the objects and purpose of the law, the legislative decision, we take it, is binding upon the courts.

Whatever the objections to this feature of the law, we do not see how it violates the equal protection clause of the Constitution, for it operates alike upon

all employers engaged in hazardous occupations; nor can it be said to contravene the due process clause of the Fourteenth Amendment to the federal Constitution, nor section 4 of article 2 of the state Constitution. Every employer may have his day in court when sued and an opportunity to show that the beneficiary for whom the suit is brought has not suffered at all or but very little by reason of the death of the employee.

The burden of showing that this feature of the law is unconstitutional was upon the defendant, and we are not satisfied that it has sustained that burden.

Other objections made by defendant are expressly or impliedly waived in its brief, and do not require consideration from us.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.